1  ELIZABETH C. FARRELL (State Bar No. 280056)
   ecf@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
7  MARK I. WRAIGHT (State Bar No. 228303)
   miw@severson.com
8  SEVERSON & WERSON
   A Professional Corporation
9  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
10 Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
11
   Attorneys for Defendant
12 WELLS FARGO BANK, N.A.

13                    **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

| | |
|---|---|
| DR. MEHRDAD MAKHANI, an individual; PLATINUM MANAGEMENT CONSULTING GROUP LLC, a California Limited Liability Company, | Case No. 2:19-cv-9644<br>Hon.<br>Ctrm. |
| Plaintiffs, | **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(b)** |
| vs. | Action Filed: September 16, 2019<br>Trial Date: None Set |
| WELLS FARGO BANK, N.A., a National Banking Association; and DOES 1 to 100, Inclusive, | |
| Defendants. | |

07685.2347/15101807.1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant WELLS FARGO BANK, N.A. ("Wells Fargo") removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California. Wells Fargo is entitled to removal pursuant to 28 U.S.C. § 1332, based on diversity of citizenship of the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs, as follows:

## I. THE STATE COURT ACTION

1. On September 16, 2019, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Dr. Mehrdad Makhani and Platinum Management Consulting Group LLC v. Wells Fargo Bank, N.A.*, as case number 19STCV32830 (the "State Court Action"). Wells Fargo was served with the Complaint on October 9, 2019. The Complaint alleges six causes of action for: (1) actual fraud; (2) negligence; (3) intentional interference with prospective economic advantage; (4) negligent interference with protective economic advantage; (5) libel; and (6) unfair competition under Business & Professions Code § 17200.

2. Wells Fargo's responsive pleading is due November 8, 2019.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or by Wells Fargo in the State Court Action, including the summons and Complaint, are attached hereto as **Exhibit A**.

## II. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

4. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441. This Court has original

jurisdiction as conferred by 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

**A.  Complete Diversity**

5.  Plaintiff Dr. Mehrdad Makhani ("Makhani") is a citizen of California.

"To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Makhani was a Wells Fargo customer. The Bank's internal records indicate that Makhani is United States citizen.

Once United States citizenship is established, a "natural person's state citizenship is then determined by her state of domicile." *Kanter*, 265 F.3d at 857. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* at 749-50 (citations omitted); *see also Kanter*, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

According to paragraph 1 of the Complaint and Wells Fargo's business records, Makhani has resided in California (Los Angeles) since at least 2002.

6.  Plaintiff Platinum Management Consulting Group LLC ("Platinum") is a California limited liability company. *See* Compl. ¶ 2.

Platinum's most recent Statement of Information filed with the California Secretary of State identifies Makhani as Platinum's sole member. On October 24, 2019, Platinum's counsel confirmed Makhani is Platinum's sole member. Consequently, Platinum is a citizen of California for purposes of diversity jurisdiction. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F3d 1233, 1237-1238 (10th Cir. 2015) (noting that an LLC "takes the citizenship of all its members"); *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1952) ("Proof of

residence in a state is usually thought prima facie evidence of domicile sufficient to shift the burden of proof"), cert. denied, 346 U.S. 874 (1953).

7. Defendant Wells Fargo is a citizen of the State of South Dakota. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Wells Fargo is, and at all relevant times was, a citizen of the State of South Dakota, with its main office in Sioux Falls, South Dakota as set forth in its articles of association. *See Rouse v. Wachovia Mortgage*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located").

8. The only other defendants named in the Complaint are fictitiously named defendants. According to 28 U.S.C. § 1441(b)(1), for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded."

9. Because Plaintiffs are California citizens and Wells Fargo is a South Dakota citizen, complete diversity of citizenship exists.

**B. Amount In Controversy Exceeds $75,000**

10. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is simply an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (9th Cir. 2010.)

11. The amount in controversy exceeds $75,000 in this action. As alleged in the Complaint, Plaintiff seeks to recover $325,470.47, plus interest, from Wells Fargo. *See* Compl. Prayer ¶ 1.

### III. REMOVAL IS TIMELY

12. This notice of removal is timely under 28 U.S.C.§ 1446(b)and Fed. R. Civ. P. 6(a) because the Summons and Complaint were served on Wells Fargo on

October 9, 2019.  This notice of removal is filed 30 days after the date of service of the Summons and Complaint.

### IV. SATISFACTION OF 28 U.S.C. §§ 1446(a) and (d)

13.   The United States District Court for the Central District of California is the proper venue for the removal. The Superior Court of California for the County of Los Angeles is located within the United States Court for the Central District of California. *See* 28 U.S.C. § 84(c)(2) (listing counties within the Western Division of the Central District of California).  Thus, venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

14.   Pursuant to 28 U.S.C. §§ 1446(d), Wells Fargo is filing this notice of removal with this Court, serving a copy of this notice upon Plaintiffs' counsel, and filing a copy in the Superior Court of California for the County of Los Angeles.

### V. CONCLUSION

15.   Because this civil action presents diversity jurisdiction pursuant to 28 U.S.C. § 1332, Wells Fargo respectfully requests that this Court exercise its removal jurisdiction over this action

DATED:  November 8, 2019         SEVERSON & WERSON
                                 A Professional Corporation


                                 By:   */s/ Elizabeth C. Farrell*
                                          Elizabeth C. Farrell

                                 Attorneys for Defendant WELLS FARGO BANK, N.A.